## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMAH NYANWLEH, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PRIME STAFFING LLC, CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, LINCOLN HOSPITAL AUXILIARY, INC., JACOBI MEDICAL CENTER AUXILIARY INC., NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., and DOES NOS. 1-10,<br><br>        Defendants. | Civil Action No.: 1:21-cv-06357<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kamah Nyanwleh ("Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys Faruqi & Faruqi, LLP, hereby alleges as follows against Defendants Prime Staffing LLC ("Prime"), the City of New York (the "City"), the New York City Health and Hospitals Corporation ("HHC"), Lincoln Hospital Auxiliary, Inc. ("Lincoln"), Jacobi Medical Center Auxiliary Inc. ("Jacobi"), New York-Presbyterian Healthcare System, Inc. ("NYP"), and Does Nos. 1-10 (together with Lincoln, Jacobi, and Columbia (defined *infra* ¶ 51), the "Hospitals") (collectively, "Defendants"):

## NATURE OF THE CLAIMS

1.  Plaintiff, on behalf of herself and all current and former similarly situated Nurses (defined *infra* ¶ 66) who worked for Defendants at any time during the full statute of limitations period, bring this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law, N.Y. Lab. Law §§ 1, *et seq.* ("NYLL").

2.      Defendants engage in a common, willful, and deliberate policy and practice of failing to compensate Plaintiff and all similarly situated Nurses for all hours worked and at the overtime wage rates required by law.

3.      Specifically, Defendants improperly shave the number of hours that Nurses work, failing to pay earned wages for all hours worked.

4.      Additionally, Nurses are not paid any overtime compensation for hours worked over 40 in a workweek.

5.      Defendants also fail to pay Nurses on their regularly scheduled pay days, instead paying them several days or weeks after their wages are due.

6.      Moreover, Defendants fail to provide Nurses with Notices of Pay Rate and accurate wage statements, as required by law.

7.      Plaintiff's claims against Defendants to redress these wrongs are brought, in part, under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), and applicable regulations thereunder, on behalf of herself and all other similarly situated members of the FLSA Collective (defined *infra* ¶ 137) who work for Defendants as Nurses at any time during the full statute of limitations period.

8.      Plaintiff's claims are also brought, in part, under the NYLL, and applicable regulations thereunder, as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself and all other similarly situated members of the Class (defined *infra* ¶ 146) who work for Defendants as Nurses at any time during the full statute of limitations period.

## JURISDICTION AND VENUE

9.      Pursuant to 28 U.S.C. §§ 1331  and 1343, this Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiff's rights

under the FLSA.

10.     Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law.

11.     Pursuant to 28 U.S.C. § 1391, venue is proper because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this District.

## PARTIES

### A.     <u>Plaintiff Kamah Nyanwleh</u>

12.     Plaintiff is a resident of the State of New Jersey and has been employed by Defendants as a Nurse from in or around April 2017 through on or around January 27, 2020, and again from on or around December 10, 2020 through the present.

13.     At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of all relevant statues and regulations.

### B.     <u>Defendant Prime Staffing LLC</u>

14.     Prime is a domestic limited liability company with its principal place of business located at 450 Seventh Avenue, 43rd Floor, New York, NY 10123.

15.     At all relevant times, Prime has controlled and directed the terms of employment and compensation of Plaintiff and all persons similarly situated.

16.     At all relevant times, Prime has established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all persons similarly situated, including, *inter alia*, policies concerning timekeeping, work allocation, task supervision, monitoring work product, work schedules, and payroll applicable to Plaintiff and all persons similarly situated.

17.     At all relevant times, Prime has determined the rate and method of pay for Plaintiff and all persons similarly situated.

18.     At all relevant times, Prime has maintained employment records for Plaintiff and all persons similarly situated.

19.     At all relevant times, Prime has maintained and exercised authority to hire, fire, discipline, and promote Plaintiff and all persons similarly situated.

20.     At all relevant times, Prime was and is a direct and joint "employer" within the meaning of all relevant statues and regulations.

**C.     Defendant City of New York**

21.     The City is a municipal corporation that controls and oversees, *inter alia*, HHC.

22.     At all relevant times, the City, through HHC, has controlled and directed the terms of employment and compensation of Plaintiff and all persons similarly situated.

23.     At all relevant times, the City, through HHC, has established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all persons similarly situated, including, *inter alia*, policies concerning timekeeping, work allocation, task supervision, monitoring work product, work schedules, and payroll applicable to Plaintiff and all persons similarly situated.

24.     At all relevant times, the City, through HHC, has exercised control over the rate and method of pay for Plaintiff and all persons similarly situated.

25.     At all relevant times, the City, through HHC, has maintained employment records for Plaintiff and all persons similarly situated.

26.     At all relevant times, the City, through HHC, has maintained and exercised authority to hire, fire, discipline, and promote Plaintiff and all persons similarly situated.

27.     At all relevant times, the City was and is a direct and joint "employer" within the meaning of all relevant statues and regulations.

**D.**     **Defendant New York City Health and Hospitals Corporation**

28.     HHC is a domestic not-for-profit corporation with its principal place of business located at 125 Worth Street, New York, New York 10701.

29.     HHC controls and operates Lincoln, Jacobi, and various other medical facilities.

30.     At all relevant times, HHC has controlled and directed the terms of employment and compensation of Plaintiff and all persons similarly situated who worked at Lincoln or Jacobi.

31.     At all relevant times, HHC has established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all persons similarly situated, including, *inter alia*, policies concerning timekeeping, work allocation, task supervision, monitoring work product, work schedules, and payroll applicable to Plaintiff and all persons similarly situated who worked at Lincoln or Jacobi.

32.     At all relevant times, HHC has exercised control over the rate and method of pay for Plaintiff and all persons similarly situated who worked at Lincoln or Jacobi.

33.     At all relevant times, HHC has maintained employment records for Plaintiff and all persons similarly situated who worked at Lincoln or Jacobi.

34.     At all relevant times, HHC has maintained and exercised authority to hire, fire, discipline, and promote Plaintiff and all persons similarly situated who worked at Lincoln or Jacobi.

35.     At all relevant times, HHC was and is a direct and joint "employer" within the meaning of all relevant statues and regulations.

E.      **Defendant Lincoln Hospital Auxiliary, Inc.**

36.     Lincoln is a domestic not-for-profit corporation with its principal place of business located at 234 E. 149th Street, Bronx, New York 10451.

37.     At all relevant times, Lincoln has controlled and directed the terms of employment and compensation of Plaintiff and all persons similarly situated.

38.     At all relevant times, Lincoln has established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all persons similarly situated, including, *inter alia*, policies concerning timekeeping, work allocation, task supervision, monitoring work product, work schedules, and payroll applicable to Plaintiff and all persons similarly situated.

39.     At all relevant times, Lincoln has exercised control over the rate and method of pay for Plaintiff and all persons similarly situated.

40.     At all relevant times, Lincoln has maintained employment records for Plaintiff and all persons similarly situated.

41.     At all relevant times, Lincoln has maintained and exercised authority to hire, fire, discipline, and promote Plaintiff and all persons similarly situated.

42.     At all relevant times, Lincoln was and is a direct and joint "employer" within the meaning of all relevant statues and regulations.

F.      **Defendant Jacobi Medical Center Auxiliary Inc.**

43.     Jacobi is a domestic not-for-profit corporation with its principal place of business located at 1400 Pelham Parkway South, Bronx, New York 10461.

44.     At all relevant times, Jacobi has controlled and directed the terms of employment and compensation of Plaintiff and all persons similarly situated.

6

45.     At all relevant times, Jacobi has established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all persons similarly situated, including, *inter alia*, policies concerning timekeeping, work allocation, task supervision, monitoring work product, work schedules, and payroll applicable to Plaintiff and all persons similarly situated.

46.     At all relevant times, Jacobi has exercised control over the rate and method of pay for Plaintiff and all persons similarly situated.

47.     At all relevant times, Jacobi has maintained employment records for Plaintiff and all persons similarly situated.

48.     At all relevant times, Jacobi has maintained and exercised authority to hire, fire, discipline, and promote Plaintiff and all persons similarly situated.

49.     At all relevant times, Jacobi was and is a direct and joint "employer" within the meaning of all relevant statues and regulations.

**G.     Defendant New York-Presbyterian Healthcare System, Inc.**

50.     NYP is a domestic not-for-profit corporation with its principal place of business located at 333 East 38th Street, New York, New York 10016.

51.     NYP controls and operates Columbia University Irving Medical Center ("Columbia").

52.     At all relevant times, NYP has controlled and directed the terms of employment and compensation of Plaintiff and all persons similarly situated who worked at Columbia.

53.     At all relevant times, NYP has established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all persons similarly situated, including, *inter alia*, policies concerning timekeeping, work allocation, task supervision,

monitoring work product, work schedules, and payroll applicable to Plaintiff and all persons similarly situated who worked at Columbia.

54.     At all relevant times, NYP has exercised control over the rate and method of pay for Plaintiff and all persons similarly situated who worked at Columbia.

55.     At all relevant times, NYP has maintained employment records for Plaintiff and all persons similarly situated who worked at Columbia.

56.     At all relevant times, NYP has maintained and exercised authority to hire, fire, discipline, and promote Plaintiff and all persons similarly situated who worked at Columbia.

57.     At all relevant times, NYP was and is a direct and joint "employer" within the meaning of all relevant statues and regulations.

**H.     Defendants Does Nos. 1 through 10**

58.     Plaintiff does not know the true names and capacities, whether individual, partners, or corporate, of Does Nos. 1 through 10, and for that reason sues Does Nos. 1 through 10 under fictitious names.

59.     Upon information and belief, at all relevant times, Does Nos. 1 through 10 have controlled and directed the terms of employment and compensation of Plaintiff and all persons similarly situated.

60.     Upon information and belief, at all relevant times, Does Nos. 1 through 10 have established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all persons similarly situated, including, *inter alia*, policies concerning timekeeping, work allocation, task supervision, monitoring work product, work schedules, and payroll applicable to Plaintiff and all persons similarly situated.

61.     Upon information and belief, at all relevant times, Does Nos. 1 through 10 have exercised control over the rate and method of pay for Plaintiff and all persons similarly situated.

62.     Upon information and belief, at all relevant times, Does Nos. 1 through 10 have maintained employment records for Plaintiff and all persons similarly situated.

63.     Upon information and belief, at all relevant times, Does Nos. 1 through 10 have maintained and exercised authority to hire, fire, discipline, and promote Plaintiff and all persons similarly situated.

64.     Upon information and belief, at all relevant times, Does Nos. 1 through 10 were and are direct and joint "employers" within the meaning of all relevant statutes and regulations.

## FACTS

### A.     Background

65.     Prime is a New York City-based staffing firm that specializes in temporary and full-time employee placements in healthcare.

66.     Lincoln, Jacobi, and Columbia are New York City hospitals have contracted with Prime to hire various nurses and registered nurses (together, "Nurses") since at least 2017.

67.     Prime enters into contracts with Nurses wherein the Nurses are each characterized as an "Employee" of Prime.

68.     While working for Defendants, Nurses are paid on an hourly basis and typically work anywhere between six-and-a-half and 100 hours per week.

69.     Prime and each of the Hospitals work in concert to control all aspects of Plaintiff's and all other Nurses' employment.

70.     Plaintiff and all other Nurses perform their work on the Hospitals' premises, using the Hospitals' equipment.

71.     While they occasionally switched from one Hospital to another, as a general proposition, Plaintiff and all other Nurses consistently worked for the same Hospital(s) over extended periods of time.

72.     The work performed by Plaintiff and all other Nurses is integral to each of Defendants' businesses.

73.     Upon information and belief, Prime is not the only staffing agency with which the Hospitals contract for nursing services; therefore, Nurses could perform the same work at the same Hospitals regardless of whether Prime or another agency was a party to the contract.

74.     Plaintiff and all other Nurses are supervised closely at the Hospitals by employees thereof.

75.     Plaintiff and all other Nurses work primarily for Prime and given Hospital(s) where they are each staffed.

**B.     <u>Failure to Pay Wages for All Hours Worked</u>**

76.     Defendants engage in a common pattern and practice of deliberately denying Nurses wages for compensable hours worked.

77.     Defendants require Nurses to log their hours worked at the Hospitals.

78.     During the relevant time period, Nurses logged their hours worked at the Hospital on Agency Staff Assignment Verification Forms, as required by all Defendants. *See, e.g.*, Exhibit A.

79.     In or around January 2021, HHC began requiring that Plaintiff and Nurses at Lincoln, Jacobi, and all other HHC medical facilities utilize a timekeeping program called Wand Vendor Management System ("WAND").

80.     In addition to completing handwritten Agency Staff Assignment Verification Forms when they arrive and depart from work, Plaintiff and Nurses at Lincoln, Jacobi, and all other HHC medical facilities are required to enter their clock-in and clock-out times into WAND.

81.     Throughout the relevant time period, Defendants failed to pay Plaintiff and all other Nurses for all time that they logged.

82.     Plaintiff's time records and wage statement for the workweek spanning from May 13, 2019 through May 19, 2019 illustrates Defendants' practice of shaving recorded work time.

83.     According to Plaintiff's time records, she worked five shifts for a total of 51 hours and 10 minutes.  *See* Exhibit B.

84.     However, Defendants paid Plaintiff for only 44 hours and 45 minutes during this pay period.  *See* Exhibit C.

85.     Thus, Defendants' time shaving policy and practice resulted in Plaintiff's total hours worked being reduced by six hours and 25 minutes during this pay period.

86.     Defendants' shaving of Plaintiff's hours worked is representative of Defendants' practices with respect to the other Nurses.

87.     This shaved time is compensable, as Nurses routinely perform compensable work from the time they clock in until the time they clock out.

88.     Defendants engage in the same timekeeping and payroll practices with respect to all Nurses.

89.     Thus, all Nurses are subject to this unlawful time-shaving policy.

90.     Defendants have acted willfully and deliberately in maintaining intentional practices of improperly shaving Nurses' work time and forcing them to perform work without compensation.

C.     **Failure to Pay Overtime Wages**

91.     In addition to failing to pay Plaintiff and all other Nurses for all hours worked, Defendants engage in a common pattern and practice of deliberately denying Nurses overtime wages owed.

92.     Defendants systematically deny Plaintiff and all other Nurses overtime wages in several ways.

93.     First, when Defendants calculate Plaintiff's and all other Nurses' total hours worked for a given week, for the purposes of determining whether to pay overtime, they count Nurses' hours at each Hospital separately.

94.     For example, if a Nurse works 40 hours at Lincoln and, in the same week, works 10 hours at Jacobi, Defendants do not pay 40 hours at the Nurse's regular rate, and then 10 hours at a rate one and one-half time his or her regular rate.

95.     Instead, Defendants consider the Nurse to have worked 40 straight time hours at Lincoln and a separate 10 straight time hours at Jacobi, without paying any overtime wages.

96.     Second, Defendants misclassify Plaintiff and all other Nurses as independent contractors and, in doing so, deny Plaintiff and all other Nurses overtime wages even when they work more than 40 hours at a single Hospital.

97.     In other words, Defendants routinely deny Nurses, who often work as many as 100 hours in a week, any overtime compensation at all.

98.     Third, as outline *supra* § B, Defendants engage in a time-shaving policy that denies Plaintiff and all other Nurses any compensation for certain hours work, including overtime hours.

D.     **Failure to Pay Wages On Time**

99.     In addition to the foregoing violations, Defendants engage in a policy and practice

of delaying payment of straight time and overtime wages to Plaintiff and all other Nurses beyond their regularly scheduled paydays.

100.    Plaintiff and all other Nurses' pay periods cover a seven-day timeframe spanning Monday to Sunday.

101.    Defendants have designated the following Thursday as Nurses' regularly scheduled pay day.

102.    However, Defendants routinely fail to make Nurses' paychecks available until several days or weeks—and, in some cases, over one month—after their regularly scheduled pay day.

**E.     Failure to Provide Notices of Pay Rate and Accurate Wage Statements**

103.    The NYLL requires that employers, including Defendants, provide employees, "at the time of hiring, a notice containing the following information:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular pay day designated by the employer [ ];  the name of the employer;  any 'doing business as' names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer;  plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

104.    Throughout the statutory period, Defendants have never provided Plaintiff or other Nurses with Notices of Pay Rate.

105.    The NYLL also requires that employers, including Defendants, issue or provide employees with accurate wage statements with each payment of wages.

106.    Defendants never furnished Plaintiff or other Nurses with accurate wage statements during the statutory period.

**F.     Plaintiff Kamah Nyanwleh**

**i.      Background**

107.    Plaintiff has worked at Lincoln as a Nurse from in or around April 2017 through the present.

108.    Plaintiff worked at Jacobi from in or around April 2017 through November 2018.

109.    Plaintiff worked at Columbia from in or around September 2017 through in or around December 2017.

110.    Throughout her employment, Plaintiff has worked anywhere from approximately six-and-one-half to approximately 99.12 hours per week.

111.    Plaintiff was paid on an hourly basis.

**ii.     Wage Violations**

112.    Defendants unlawfully deny Plaintiff her earned wages in several ways.

113.    First, Defendants fail to pay Plaintiff for all hours she worked.

114.    As noted above, Plaintiff's time records and wage statement for the workweek spanning from May 13, 2019 through May 19, 2019 illustrates Defendants' practice of shaving recorded work time.

115.    According to Plaintiff's time records, she worked five shifts for a total of 51 hours and 10 minutes.  *See* Exhibit B.

116.    However, Defendants paid Plaintiff for only 44 hours and 45 minutes during this pay period.  *See* Exhibit C.

117.    Thus, Defendants' time shaving policy and practice resulted in Plaintiff's total hours worked being reduced by six hours and 25 minutes during this pay period.

118.    Second, Defendants fail to aggregate Plaintiff's hours at different Hospitals for purposes of paying overtime wages.

119.    For example, Plaintiff worked at both Lincoln and Jacobi during the pay period spanning November 19, 2018 through November 25, 2018.

120.    Per Plaintiff's wage statement, she worked 57 hours at Jacobi and 5.75 hours at Lincoln for a total of 62.75 hours.  *See* Exhibit D.

121.    Setting aside whether any time was shaved during this pay period, Plaintiffs' hours are not aggregated on the wage statement and instead are listed on two separate lines, each stating "Regular Pay" and reflecting payment of straight-time wages only.

122.    Defendants were required to pay Plaintiff 22.75 hours of overtime during this pay period, as opposed to the 62.75 hours of straight time wages they paid her.

123.    Several other Nurses have confirmed to Plaintiff that Defendants also fail to pay their wages for all hours worked and fail to pay them overtime wages.

124.    Third, Defendants fail to timely pay Plaintiff for her hours worked.

125.    Throughout the statutory period, Plaintiff was paid her wages in pay periods spanning a seven-day timeframe, with her regularly scheduled pay day being every Thursday.

126.    However, Defendants routinely failed to pay Plaintiff on her regularly scheduled pay day.

127.    For example, between April 18, 2020 and April 24, 2020, Plaintiff worked a total of 32 hours and 40 minutes.  *See* Exhibit E.

128.    Defendants did not pay Plaintiff any compensation at all for these hours worked until approximately June 4, 2021 (in addition to shaving approximately five minutes of compensable time worked).  *See* Exhibit F.

129.    In other words, Plaintiff was not paid for approximately 6 weeks after the completion of her hours worked.

130.    Several other Nurses have confirmed to Plaintiff that Defendants also fail to timely pay their wages.

131.    Fourth, Defendants fail to provide Plaintiff with accurate wage statements.

132.    Fifth, Defendants have never provided Plaintiff with a Notice of Pay Rate.

133.    Several other Nurses have confirmed to Plaintiff that Defendants also fail to provide accurate wage statements and Notices of Pay Rate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

134.    Plaintiff brings her FLSA claims as a collective action on behalf of herself and all other similarly situated persons who have worked for Defendants as Nurses at any time during the full statute of limitations period (the "FLSA Collective").

135.    At all relevant times, Plaintiff and the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff and the FLSA Collective at one and one-half times their regular rate of pay for all hour worked in excess of 40 hours in a workweek; and (ii) failing to timely pay wages owed.

136.    At all relevant times, Defendants have been fully aware that Plaintiff and the FLSA Collective were paid on an hourly, rather than salary, basis, and that such hourly employees are not exempt from the provisions of the FLSA.

137.     Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective.

138.     As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid and late wages, with interest, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

139.     While the exact number is unknown to Plaintiff at this time, upon information and belief, there are approximately 600 members of the FLSA Collective.

140.     Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective.

141.     Accordingly, the Court should require Defendants to provide Plaintiff with a list of all members of the proposed FLSA Collective, along with their last known home addresses, telephone numbers, and email addresses, so that Plaintiff may provide the members of the FLSA Collective with notice of this action and an opportunity to make an informed decision regarding whether to participate in the same.

**CLASS ACTION ALLEGATIONS**

142.     Plaintiff brings this action, in part, as a class action under the NYLL, as well as all applicable regulations thereunder.

A.     **Class Definition**

143.     Plaintiff seeks to maintain claims, pursuant to FRCP 23, on behalf of herself and a class of all other Nurses who worked for Defendants at any time during the full statute of limitations period (the "Class").

144.    Plaintiff alleges, on behalf of herself and the Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to compensate Plaintiff and the Class at their established regular rates of pay and in accordance with their agreed terms of employment; (ii) failing to timely pay all wages owed; (iii) failing to provide Plaintiff and the Class with Notices of Pay Rate; and (iv) failing to furnish accurate wage statements to Plaintiff and the Class.

145.    Plaintiff and the Class have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

146.    The wage practices described herein are part of Defendants' normal course of conduct.

147.    Pursuant to FRCP 23, Plaintiff's NYLL claims may be pursued by all similarly situated persons who do not opt out of the Class.

**B.    Numerosity and Impracticability of Joinder**

148.    The members of the Class are so numerous that joinder is impracticable.

149.    While the exact number is unknown to Plaintiff at this time, upon information and belief, there are approximately 1,200 members of the Class.

150.    Therefore, the numerosity requirement of FRCP 23(a) is satisfied.

**C.    Common Questions of Law and Fact**

151.    Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and predominate over any questions only affecting the members of the Class individually.

152.    Indeed, there are few, if any, purely individual issues in this action.

153.    The questions of law and fact that are common to Plaintiff and the Class include, without limitation:

(a)     Whether the Defendants failed to pay Plaintiff and the Class all wages owed at their regular rates of pay and in accordance with their agreed terms of employment;

(b)     Whether the Defendants failed to timely pay Plaintiff and the Class their wages;

(c)     Whether the Defendants failed to provide Plaintiff and the Class with Notices of Pay Rate;

(d)     Whether the Defendants failed to furnish accurate wage statements to Plaintiff and the Class; and

(e)     Whether Plaintiff and the Class are entitled to liquidated damages and injunctive relief.

154.    Therefore, the common question requirement of FRCP 23(a) is satisfied.

**D.      Typicality of Claims and Relief Sought**

155.    Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent.

156.    Plaintiff and the Class work, or have worked, for the Defendants and are, or were, subject to the same compensation policies and practices.

157.    The wage practices suffered by Plaintiff, and the damages resulting therefrom, are typical of the Defendants' treatment of Nurses, generally, and of the Class specifically.

158.    Therefore, the typicality requirement of FRCP 23(a) is satisfied.

**E.      Adequacy of Representation**

159.    Plaintiff will fairly and adequately protect the interests of the Class because her interests are coextensive and aligned with those of the Class.

160.     Plaintiff has no interests adverse to the Class she seeks to represent.

161.     Plaintiff is willing and able to represent the Class as fairly and vigorously as she pursues her similar individual claims.

162.     Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

163.     The combined interests, experience, and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of FRCP 23(a).

**F.       Requirements of Rule 23(b)(1)**

164.     Without certification of the Class, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

165.     Accordingly, certification of the Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, and the Defendants.

166.     By filing this Complaint, Plaintiff preserves the rights of the members of the Class with respect to the statute of limitations on their claims.

167.     Therefore, not certifying the Class would substantially impair and/or impede the ability of the members thereof to protect their interests.

**G.       Requirements of Rule 23(b)(2)**

168.     The Defendants acted on grounds, described herein, generally applicable to Plaintiff and the Class by failing to pay them in accordance with their agreed terms of employment,

failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

169.    These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff and the Class as a whole.

170.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, wages paid at their agreed terms of employment, timely payment of wages, Notices of Pay Rate and accurate wage statements.

171.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiff and the Class's entitlement to monetary and non-monetary remedies for such wage violations.

172.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H.    Requirements of Rule 23(b)(3)**

173.    The common issues of fact and law affecting Plaintiff's claims and those of the Class—including, without limitation, the common issues identified above—predominate over issues affecting only individual claims.

174.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and those of the Class.

175.    The cost of proving the Defendants' pattern and practice of denying timely wages and refusing to pay wages in accordance with the agreed terms of employment makes it impractical for the members of the Class to pursue their claims individually.

176.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of the members of the Class (they must have worked

for Defendants as Nurses during the statutory period), as well as the common questions of law and fact described herein.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME**
(*On Behalf of Plaintiff and the FLSA Collective*)
(*Against Prime, the City, HHC, Lincoln, Jacobi, and Does Nos. 1-10*)

177.    Plaintiff, on behalf of herself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

178.    During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

179.    The FLSA requires covered employers, including Defendants, to pay Nurses one and one-half times their established regular rates of pay for all hours worked in excess of 40 in a workweek.

180.    Plaintiff and the FLSA Collective are not exempt from the requirement that Defendants pay them one and one-half times their established regular rate of pay for all hours worked in excess of 40 hours in a workweek.

181.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the FLSA Collective at a rate not less one and one-half times their established regular rate of pay for all hours worked in excess of 40 hours in a workweek.

182.    As a result of Defendants' failure to compensate Plaintiff and the FLSA Collective at a rate not less one and one-half times their established regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

183.    Defendants know or should know of their obligation to pay Plaintiff and the FLSA

Collective overtime wages for all hours worked in excess of 40 hours in a workweek.

184.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA.

185.    Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FLSA: LATE PAYMENT OF WAGES
### *(On Behalf of Plaintiff and the FLSA Collective)*
### *(Against Prime, the City, HHC, Lincoln, Jacobi, and Does Nos. 1-10)*

186.    Plaintiff, on behalf of herself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

187.    During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

188.    The FLSA requires covered employers, including Defendants, to pay Nurses all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

189.    Plaintiff and the FLSA Collective are not exempt from the requirement that Defendants timely pay them their wages.

190.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Plaintiff and the FLSA Collective all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

191.    As a result of Defendants' failure to pay Plaintiff and the FLSA Collective all compensation earned in a particular workweek on the regularly scheduled pay day for the period

in which such workweek ends, Defendants have violated the FLSA and/or applicable regulations thereunder.

192.    Defendants know or should know of their obligation to pay Plaintiff and the FLSA Collective all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

193.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA.

194.    Defendants' violations of the FLSA have significantly harmed Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY ALL WAGES OWED**
(*On Behalf of Plaintiff and the Class*)
(*Against All Defendants*)

195.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

196.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, et seq., as well as all applicable regulations thereunder.

197.    The NYLL requires covered employers, including Defendants, to compensate Nurses at their established regular rates of pay for all hours worked under 40 in a workweek and one and one-half times their established regular rates of pay for all hours worked in excess of 40 in a workweek.

198.    Plaintiff and the Class are not exempt from the requirement that Defendants pay them at their established regular rates of pay for all hours worked under 40 in a workweek and one

and one-half times their established regular rates of pay for all hours worked in excess of 40 in a workweek, during the full statute of limitations period.

199.    Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all their hours worked.

200.    As a result of Defendants' failure to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 191.

201.    Defendants know or should know of their obligation to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked

202.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

203.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: LATE PAYMENT OF WAGES
(*On Behalf of Plaintiff and the Class*)
(*Against All Defendants*)

204.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

205.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, et seq., as well as all applicable regulations thereunder.

206.    The NYLL requires covered employers, including Defendants, to pay Nurses all

compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.

207.    Plaintiff and the Class are not exempt from the requirement that Defendants timely pay them their wages.

208.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Plaintiff and the Class all compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.

209.    As a result of Defendants' failure to pay Plaintiff and the Class all compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends, Defendants have violated the NYLL and/or applicable regulations thereunder.

210.    Defendants know or should know of their obligation to pay Plaintiff and the FLSA Collective all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

211.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

212.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE**
(*On Behalf of Plaintiff and the Class*)
(*Against All Defendants*)

213.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

214.     During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

215.     The NYLL requires covered employers, including Defendants, to provide Nurses, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

216.     Plaintiff and the Class are not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

217.     Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the Class.

218.     As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

219.     Defendants know or should know of their obligation to pay Plaintiff and the Class with Notices of Pay Rate.

220.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

221.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the

Class and entitle them to recover $50 for each work day the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: INACCURATE WAGE STATEMENTS**
(***On Behalf of Plaintiff and the Class***)
(***Against All Defendants***)

222.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

223.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

224.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages."

225.    Plaintiff and the Class are not exempt from the requirement that Defendants furnish accurate wage statements to them.

226.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements.

227.    As a result of Defendants' failure to furnish accurate wage statements to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

228.    Defendants know or should know of their obligation to furnish accurate wage statements to Plaintiff and the Class.

229.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish accurate wage statements to Plaintiff and the Class in accordance with the NYLL.

230.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover $250 for each work day the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective, and the Class, respectfully requests that this Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and State law;

B.    Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.    Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiff with a list of all members of the Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

E.      Designate Plaintiff as the representative of the Class, and her counsel of record as Class counsel;

F.      Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

G.      Determine the damages sustained by Plaintiff and the Class as a result of the Defendants' violations of the NYLL, and award those damages against the Defendants and in favor of Plaintiff and the Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiff, the FLSA Collective, and the Class an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

I.      Award Plaintiff, the FLSA Collective, and the Class their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

J.      Grant Plaintiff, the FLSA Collective, and the Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, the FLSA Collective, and the Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: July 26, 2021                                    **FARUQI & FARUQI, LLP**
       New York, New York

                                                        By: _/s/ Innessa M. Huot_
                                                           Innessa Melamed Huot
                                                           Alex J. Hartzband

Camilo M. Burr

685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
ihuot@faruqilaw.com
ahartzband@faruqilaw.com
cburr@faruqilaw.com

*Attorneys for Plaintiff,
the Proposed FLSA Collective,
and the Proposed Class*

DocuSign Envelope ID: A1B8F4E8-E2F9-47AC-ABAE-DCB269E96B96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMAH NYANWLEH, on behalf of herself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **CONSENT TO SUE** |
| v. | |
| PRIME STAFFING LLC, CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, LINCOLN HOSPITAL AUXILIARY, INC., JACOBI MEDICAL CENTER AUXILIARY INC., NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., and DOES NOS. 1-10, | |
| Defendants. | |

I, Kamah Nyanwleh, was employed by Defendants in the last three years and am the named Plaintiff in the above-captioned action, *Nyanwleh v. Prime Staffing LLC, et al.*, pending in the United States Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print):  Kamah Nyanwleh

Signature: _____     Date: 7/23/2021 | 10:34 AM PDT